JOHN BACA, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 31, 1941—Decided January 29, 1942.

For the plaintiff-appellant, *Hoberman & Hoberman* (*Sol Hoberman*).

For the defendant-respondent, *Henry H. Fryling.*

The opinion of the court was delivered by

BODINE, J. The plaintiff, on June 12th, 1938, about a quarter of seven in the evening was riding his Harley-Davidson motorcycle in an easterly direction on Twenty-third Street in West New York. Travel on this highway is permitted only in the direction he was driving. The defendant's bus was proceeding north on Park Avenue which crosses Twenty-third Street. When the plaintiff reached the intersection, he observed the bus to his right about 150 feet away. He proceeded to cross the intersection, but was struck by the bus before he accomplished his purpose. He testified at first that no observation was made after the bus was first seen. No warning by horn, or otherwise, was observed.

The plaintiff was not well versed in the English language. On cross-examination, he said that he observed the bus all the time it was bearing down on him, but it came too fast for him to apply his brakes. The fact that he admitted, under the questioning of skilled counsel, that he drove the motorcycle into the bus viewed in the light of subsequent questions and answers, seems not to be conclusive, in view of his great ignorance of the necessary words. The jury might have concluded that there was not a definite admission against interest. The jury might also have found, from all the testimony, that the plaintiff made due observation before proceeding across the intersection.

The testimony shows that the plaintiff was driving at about 12 miles an hour. When he made his observation, the bus was about 150 feet away. The jury could have found that its speed must have been such as to indicate a disregard for the safety of others crossing at the intersection. The motorcycle rider was in plain view of the bus driver and the proofs show no effort to stop the bus.

Much point is made of the failure of the motorcyclist to make other observation for his own safety, as he passed over the intersection, but observation cannot be repeatedly made. The driver of every vehicle must observe that which is in front of him. When he enters an intersection observation must be made, but such observation cannot necessarily be repeated, if the driving is to be done with regard to the safety

of others. The duty was upon the bus driver to approach the intersection with his vehicle under control.

Mr. Justice Trenchard said in *Spawn* v. *Goldberg,* 94 *N. J. L.* 335, 336; 21 *A. L. R.* 997: "It is a general rule that drivers of automobiles and other vehicles when using streets and highways are bound to exercise reasonable care towards other travelers; in other words, they must use that degree of care which an ordinarily prudent person would exercise under the same circumstances, and this rule is applicable to such travelers when approaching one another or meeting at street or highway intersections, and each is bound to exercise reasonable care not to collide with the other."

In *Walling* v. *General Woodcraft Co.,* 110 *N. J. L.* 561, the plaintiff made no observation when approaching a dangerous intersection, but proceeded without slackening speed until a collision occurred. Such fact distinguishes that case from the present. Likewise *Sharpe* v. *Public Service Railway Co.,* 103 *Id.* 583; 109 *Id.* 272. The case of *Zochowski* v. *Zukowski,* 114 *Id.* 437, cited in the respondent's brief, confirms our view that the nonsuit was error. The plaintiff was entitled to all the legitimate inferences to be drawn from his testimony. The proofs, we think, called for a defense.

The judgment is reversed, costs to abide the outcome of the new trial.

*For affirmance*—PARKER, PORTER, WELLS, JJ. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, DEAR, WOLFS-KEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 13.